UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

FAYE B. FEINSTEIN, et. al.,

    Plaintiffs,

vs.                                                                             Civil Action No. 10-C-0115

JAMES PUTNAM,

    Defendant.

## DECISION AND ORDER

Plaintiff Fay B. Feinstein, the court-appointed receiver for Wealth Management, LLC, Employee Services of Appleton, Inc,, and various Wealth Management funds, filed this action on April 10, 2010, alleging breach of contract, breach of fiduciary duty, and breach of a note against Defendant James E. Putnam ("Defendant" or "Putnam") the founder, majority owner, and former Majority Shareholder of Wealth Management ("WM"). (Dkt. 1.) On June 28, 2010 Defendant James E. Putnam filed a timely Answer and Counterclaim, which included a Motion to Dismiss. (Dkt. 5.) Plaintiff filed a Brief in Opposition to the Motion to Dismiss on July 19, 2010 (Dkt. 10) and Putnam failed to file a reply brief within 14 days as permitted, but not required, by Civ. L. R. 7(c).

## LEGAL STANDARD

The standards governing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") are well established. Rule 8(a) of the Fed. R. Civ. P. requires that a complaint contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." In deciding whether it is sufficient to state a claim, the court must "accept[ ] the complaint's well-pleaded allegations as true and draw[ ] all favorable inferences for the plaintiff." *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). The allegations must be sufficient "to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted)

## ANALYSIS

Defendant's Motion to Dismiss contends that the breach of note claim fails because Plaintiff did not assert "consideration" for the note. (Dkt. 5 ¶ 62.) He also contends that the breach of contract and breach of fiduciary duty claims should be dismissed because they "completely duplicate[] the allegations and causes of action filed by the SEC." Putnam cites no legal requirement, however, that Plaintiff is required to plead consideration as part of a claim for breach of note. As the Receiver points out, failure of consideration is an affirmative defense to be set out by the defendant in an answer, not an element that must be pled by the plaintiff. Fed. R. Civ. P. 8(c)(1). Failure to allege consideration in an action on a promissory note thus does not warrant dismissal.

Putman also fails to offer any authority for the suggestion that the Receiver's claim cannot mirror that of the SEC. Indeed, because the Receiver represents that interests of the investors, not

the public as a whole, it is reasonable to assume that the nature of the relief it seeks will not be the same.  The fact that the Receiver's claim mirrors that of the SEC is not a defect in the claim and does not warrant dismissal.

## CONCLUSION

For the above stated reasons this Court **DENIES** Putnam's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

**SO ORDERED** this ___23rd___ day of August, 2010.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge